## ALTMAN et v CINCINNATI (City)

Ohio Appeals, 1st Dist, Hamilton Co

No 5874. Decided Dec 23, 1940

Hauer & Topmoeller, Cincinnati, and R. T. Dickerson, Cincinnati, for appellees.

John D. Ellis, Cincinnati, and Nathan Solinger, Cincinnati, for appellant.

### OPINION

By ROSS J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County in favor of the plaintiffs, who were successful in securing a verdict awarding them damages for injury to their real property claimed to have been caused by the failure of the city to properly maintain a sewer which had been constructed over a right of way granted by owners of property adjacent to that of the plaintiffs.

In their petition the plaintiffs state that they are the owners of certain real estate which "fronted about 37.88 feet on Moerlein Avenue and extended back between parallel lines about 111.31 feet on Warren Street and about 106.2 feet on the north next to the premises of Emma Fette, * * *"; that the defendant obtained a right of way for sewer purpose 10 feet in width, from the owner of property to the north and northeast of plaintiff's property; that the City of Cincinnati agreed to construct and maintain a sewer without expense to said grantors and to connect said sewer to an existing sewer, running through and under the property owned by these plaintiffs; that the defendant constructed said sewer and thereafter failed to maintain the same "in the premises of Emma Fette and to the north thereof and in plaintiff's property in good repair after knowing and after reasonable inspection would have shown said sewer was badly broken to pieces and very greatly stopped up for a distance of more than 100 feet in, and above and to the north of plaintiffs' premises." That water was thereby precipitated upon plaintiffs' premises to his damage; that in 1930, the defendant was notified of such disrepair, and in 1933 was given written notice of such condition, and that about the year 1933 the "residential structure" of plaintiffs on their premises began to settle as a result of the water discharged from the sewer working out earth below the surface of the ground causing said ground to no longer support said house.

It is further alleged that in 1934 the defendant repaired the sewer and "the house of the plaintiff ceased sinking." "Plaintiff says that during years 1933, 1934 and 1935 their house aforesaid was damaged as hereafter described; that the greater part of said damage was done in the year 1934 and early part of the year 1935."

In the petition is then alleged the specific injury to plaintiffs' property and the depreciation thereof.

This petition was filed June 20, 1939. Service upon the defendant was secured June 21, 1939.

In the answer of the defendant appeared the following grant of easement from the owners of the property adjacent to that of the plaintiffs:

"KNOW ALL MEN BY THESE PRESENTS; that we, the undersigned, in consideration of one dollar ($1.00) and other considerations to us paid by the city of Cincinnati, do hereby grant and convey to the said city of Cincinnati, the right to construct and forever maintain a sewer in and upon our lots of land as shown by this plat.

Provided said sewer is constructed by the said city of Cincinnati without expense to us or assessment on our lots of land and that we may tap the same without any assessments on our lots at any future time whatsoever.

> Minnie Hoefinghoss,
> Julia Wolsefer,
> Julia Wolsefer,
>     Administratrix,
> W. H. Frillman,
> W. G. Lawson,
>     per S. M Lawson,
>         Attorney."

For its third defense, the city stated that the cause of action set forth by the plaintiffs in their petition "did not accrue within four years of the filing of the petition."

The court sustained a demurrer to such third defense.

It will be noted that in the petition the plaintiffs allege that the defendant contracted with owners of property adjacent to that of the plaintiffs to maintain a sewer and that in the agreement quoted from the answer of the defendant, which it is alleged by the city represents the transaction between the city and the adjacent property owners, there is no such agreement stated. A privilege "to construct and forever maintain a sewer" is given. It is also to be noted that the plain-

tiffs were not parties to this grant of easement and that the city did not sign the same. It is claimed that the acceptance of the grant of easement by the city and the construction of the sewer bound the city to forever maintain the same as completely as though they had contracted so to do and that this obligation so created by implication was contractual, and not imposed upon the city merely by operation of law as distinguished from a contractual obligation, either express or implied.

In this contention, we can not concur. The city was bound undoubtedly, to use reasonable care to maintain the sewer without injury to the property. Its failure so to do created a tortious cause of action in those injured as a proximate result of its negligence proved to have existed. The demurrer to the third defense of the answer setting up the statute of limitations applicable to such torts was therefore erroneously overruled.

The city filed an amended answer omitting as it was bound to do the defense deleted by the former action of the court upon the demurrer.

At the close of the evidence, the city again sought to avail itself of this defense, by requesting leave to amend its answer, by setting up the four year statute as a bar to the action, and the court erroneously refused permission to interpose such defense.

The Court in its charge to the jury stated:

"Now the court charges you that in connection with the easement which was given by the plaintiffs and accepted by the city, that the city, having constructed a sewer there and having obtained this right to construct and maintain this sewer perpetually through that property, the city is obligated, under that contract or agreement, to keep that sewer in such repair and in such condition that it will not cause damage to the property of the plaintiffs; so that the issue now for you to determine as a matter of fact and as a question of fact, is,

whether the damage, if you find there was damage to the property of the plaintiffs, was caused as claimed by the plaintiffs, that is caused by the failure of the city to maintain or keep this sewer in such condition as to avoid damage to the plaintiffs' property, or whether it was caused, as claimed by the city of Cincinnati, by a fill there and by an improper erection of building of this property or building of the plaintiffs; that is the issue of fact which you must determine from the evidence in this case.

"The plaintiffs claim on the one·hand that there was damage to their property, and that the damage was caused by or resulted from the failure of the city to live up to its agreement to maintain that sewer perpetually so as to avoid damage to the property of the plaintiffs."

It appearing definitely from the evidence that no cause of action based upon the tort of the city, if such existed, arose during four years preceding the filing of the petition, that the court should have granted the defendant leave to make the amendment requested. setting up the application of the four year statute, and have granted the request of the city for judgment on the pleadings· and evidence.

Such action was required in view of the fact that nowhere in the record appears any evidence of any contractual obligation on the part of the city to continue to maintain the sewer. That it was bound by law to so use its easement that the property of others was not damaged is not here involved, since such obligation is based upon the rule requiring commensurate care and ·any neglect to fulfill such duty presents a basis for a cause of action in tort, not contract, requiring the application of the shorter statute of limitations.

For these reasons, the judgment of the Court of Common Pleas is reversed and judgment may here be entered for the defendant.

HAMILTON, PJ. & MATTHEWS, J., concur.